Aron Steuer, J.
This is an action on a promissory note, payable to the County Trust Company, in the sum of $14,500 made by defendant Wilson and indorsed by defendant Fox. Two issues, one of fact and one of law, are raised in defense.
The issue of fact rests in the defendants’ contention that the plaintiff received the proceeds of the note and that defendant was an accommodation maker. It appears that Wilson was an independent selling agent for the products of paper mills. He conducted his activities through a corporation called Crown Mark Paper Corporation (hereinafter called “ Crown ”) all of whose stock he owned. Some years prior to the giving of the note in suit he had an opportunity to buy all of the stock of a New Hampshire corporation called Claremont Paper Corporation, which owned and operated a paper mill. With two associates he bought this stock. With their consent he organized the plaintiff, a New York corporation, to become the exclusive selling agent for the New Hampshire corporation. He owned virtually all of the stock of the plaintiff. Plaintiff and Crown occupied the same premises and had certain employees in common but their books were kept separately and while Crown made many purchases from plaintiff their transactions were distinct.
The note in suit was one of several renewals of a note originally in the sum of $25,000. This sum defendant borrowed from the County Trust Company in his individual capacity. He pledged his stock in plaintiff as security for the loan. The books of the companies show conclusively that this $25,000 was immediately advanced to Crown and placed in its bank account. No part of it was shown ever to have reached plaintiff except for payment of paper products sold by plaintiff to Crown. The proof is therefore complete that the note was not made for plaintiff’s benefit and the defense of accommodation maker falls.
The remaining defense is of payment. There is no controversy as to the facts involved. Before the note was due Wilson lost control of plaintiff. The new interests desired to get possession of the stock. Wilson agreed that the stock might be released as collateral and other security substituted. In that agreement he further stipulated that the County Trust Company should look to him for payment before having recourse to the collateral. Plaintiff then arranged with the County Trust Company to deposit Hnited States Treasury certificates in the sum of $16,000 with the trust company and the stock held as collateral was released to them. The Treasury certificates were the property of the plaintiff. The note was not paid on its *349 due date. Shortly thereafter the Treasury certificates matured and the trust company collected them. At plaintiff’s request the trust company delivered to it the balancé of the proceeds of the certificates after deducting the face amount of the note and the interest due on it. The trust company also indorsed the note ‘‘ without recourse ’ ’ and delivered it to plaintiff.
Defendant contends that by virtue of these facts liability on the note was extinguished through payment. If a note is paid it ceases to be an obligation. But satisfaction of the payee is not the equivalent of payment. A third party may satisfy the holder and thereby become the purchaser of the note which remains in force. As the note was not automatically extinguished, it remains to be considered whether plaintiff was acting for Wilson in satisfying the obligation. It is quite apparent that it was not. The nature of the transactions, including the agreement for the substitution of collateral, show that at this time the parties were acting each on his own behalf and not one for the other. No proof to the contrary was submitted.
The indorsement “ without recourse ” is of no significance here. Such an indorsement is only effectual to put a purchaser on notice of possible defenses. In the absence of defenses this fact is irrelevant.
Judgment for the plaintiff as demanded in the complaint.